**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 22-81619-cv-MIDDLEBROOKS

HOWARD COHAN,

Plaintiff,

v.

YAMATO OFFICE CENTER OWNER LLC,

Defendant.
_______________________________________/

**ORDER GRANTING DEFAULT JUDGMENT**

THIS CAUSE comes before the Court on Plaintiff's Motion for Default Judgment Against Defendant Yamato Office Center Owner LLC ("Defendant"), filed January 11, 2023. (DE 10). For the following reasons, Plaintiff's Motion is granted.

## I. BACKGROUND

Plaintiff brings this case alleging that Defendant has violated Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 *et seq*. (DE 1). According to the Complaint, Plaintiff is a Florida resident, living in Palm Beach County, and qualifies as an individual with disabilities as defined by the ADA. (DE 1 ¶ 7). Specifically, Plaintiff has numerous permanent disabilities, including severe spinal stenosis, which cause him to suffer mobility limitations (*Id.*).

Defendant is the owner or representative of Yamato Office Center, real property where Defendant conducts business, located on or about 1001 Yamato Road, Boca Raton, Florida 33431, North Building. (*Id.* at ¶ 4). A preliminary inspection of Defendant's premises by Plaintiff revealed the following violations of the ADA on the first floor in the general area of the men's restroom:

(1) Failing to provide proper insulation or protection for the sharp objects under the sink in violation of the ADA Accessibility Guidelines ["ADAAG"]

(2) Failing to provide an operable paper towel dispenser at the correct height contrary to the ADAAG

(*Id.* at ¶ 25).

A preliminary inspection of Defendant's premises by Plaintiff revealed the following ADA violations on the first floor in the accessible stall of the men's restroom:

(1) Failing to provide the water closet in the proper position relative to the side wall or partition contrary to the ADAAG

(2) Failing to provide the proper spacing between a grab bar and an object projecting out of the wall (toilet seat cover dispenser, plumbing on grab bar) contrary to the ADAAG

(3) Failing to provide a the proper spacing between the dispenser in an accessible position contrary to the ADAAG

(4) Failing to provide a toilet cover dispenser at the correct heigh contrary to the ADAAG

(5) Failing to provide sufficient clear floor space around a water closet without obstructing elements contrary to the ADAAG

(6) Providing grab bars of improper horizontal length and spacing on the back or side wall contrary to the ADAAG

(7) Failing to provide toilet paper dispensers in the proper position in front of the water closet or at the correct height contrary to the ADAAG

(8) Missing an operable stall door handle contrary to the ADAAG

(9) Failing to provide a coat hook contrary to the ADAAG

(*Id.* at ¶¶ 26, 28).

A preliminary inspection of Defendant's premises by Plaintiff revealed the following ADA violations in the general area of the men's restroom on the third floor:

(1) Failing to provide proper signage for accessible restrooms for people with disabilities contrary to the ADAAG

(2) Providing an entry door and exit door, both with opening pressure of greater than five pounds, which exceeds the limits for a person with a disability according the ADAAG

(3) Failing to comply with the standards for swinging doors or gates under the ADAAG due to a wall or other obstruction by the entry door and the exit door

(4) Failing to provide mirrors above lavatory countertops at the proper height in violation of the ADAAG

(5) Providing sinks and/or countertops greater than thirty-four inches high or providing the same without clear space underneath to allow for knee or toe clearance in violation of the ADAAG

(6) Failing to provide a paper towel dispenser or its equivalent at the correct height contrary to the ADAAG

(7) Failing to provide proper insulation or protection for the plumbing or other sharp objects under the sinks in violation of the ADAAG

(*Id.* at ¶ 27).

A preliminary inspection of Defendant's premises by Plaintiff revealed the following ADA violations in the general area of the men' restroom on the fourth floor:

(1) Failing to provide proper signage for an accessible restroom for persons with disabilities in violation of the ADAAG

(2) Providing a gate or door with a continuous opening pressure exceeding five pounds, contrary to the ADAAG

(3) Providing a swinging door or gate with improper maneuvering clearance due to a wall or some other obstruction at the entrance and exit, violating the ADAAG

(4) Failing to provide mirrors located above lavatory countertops at the proper height contrary to the ADAAG

(5) Failing to provide the proper insulation or protection for the plumbing or other sharp or abrasive objects under a sink or countertop in violation of the ADAAG

(6) Failing to provide a paper towel dispenser or its equivalent at the correct height above the finished floor in violation of the ADAAG

(*Id.* at ¶ 29).

A preliminary inspection of Defendant's premises revealed the following ADA violations in the accessible stall of the men's restroom on the fourth floor:

(1) Failing to provide an operable door handle in the proper reach ranges as required for a person with a disability contrary to the ADAAG

(2) Failing to provide a dispenser in an accessible position so that it can be reached by a person with a disability, violating the ADAAG

(3) Failing to provide the proper spacing between a grab bar and the toilet seat cover dispenser in violation of the ADAAG

(4) Failing to provide a toilet cover dispenser at the correct height above the finished floor in violation of the ADAAG

(5) Failing to provide sufficient clear floor space around a water closet without any obstructing elements in violation of the ADAAG

(6) Providing grab bars of improper horizontal length or spacing on the back or side wall in violation of the ADAAG

(7) Failing to provide toilet paper dispensers in the proper position in front of the water closet or at the correct height above the finished floor contrary to the ADAAG

(8) Failing to provide a coat hook for persons with a disability in violation of ADAAG

(*Id.* at ¶ 30).

Plaintiff has visited the Yamato Office Center and plans to return in the future to avail himself of the goods and services offered to the public at the property. (*Id.* at ¶ 23). However, because of the violations at Defendant's facility, Plaintiff alleges that he will be unable to utilize the amenities until the necessary repairs are made. (*Id.*). Plaintiff therefore alleges that Defendant has discriminated against him by failing to provide him with full and equal access to Defendant's property that it offers to the able-bodied public. (*Id.* at ¶ 20). Because Plaintiff desires to return to the Yamato Office Center but cannot enjoy equal access to the restroom facilities unless changes are made to accommodate the disabled, Plaintiff is without adequate remedy at law.

On October 21, 2022, Plaintiff filed a single-count Complaint against Defendant, alleging violations of the ADA and requesting injunctive relief, attorneys' fees, and costs. Defendant did not answer or otherwise appear. The Clerk entered default against Defendant on December 21, 2022. (DE 9).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 55(b)(2) authorizes a court to enter default judgment against a defendant who fails to plead or otherwise defend. Fed. R. Civ. P. 55(b)(2). "[B]efore entering a default judgment for damages, the district court must ensure that the well-pleaded

allegations in the complaint, which are taken as true due to the default, actually state a substantive cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007). A "default judgment cannot stand on a complaint that fails to state a claim." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997).

## III. DISCUSSION

### A. Entitlement to Injunctive Relief

Title III of the ADA states:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

42 U.S.C. § 12182(a). "The term 'disability' means, with respect to an individual-- (A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment (as described in paragraph (3))." 42 U.S.C. § 12102(1). A facility is considered a place of public accommodation if it falls within any of the categories enumerated in 42 U.S.C § 12181(7), which includes shopping centers or other sales or rental establishments. Discrimination includes "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations" and "a failure to remove architectural barriers, and

communication barriers that are structural in nature, in existing facilities . . . ." 42 U.S.C. §§ 12182(b)(2)(A)(iii) & (iv).

A private right of action is available "to any person who is being subjected to discrimination on the basis of disability in violation of this subchapter . . . ." 42 U.S.C. § 12188(a)(1). Injunctive relief is available, and "in the case of violations of sections 12182(b)(2)(A)(iv) and section 12183(a) of this title, injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this subchapter." 42 U.S.C. § 12188(a).

As alleged in the Complaint, Plaintiff has a physical impairment that substantially limits one or more major life activities in that he is a double amputee. Plaintiff alleges that he visited Yamato Office Center, a place of public accommodation that Defendant owns, or in which Defendant acts as an agent of the Owner, but was denied equal access and enjoyment of the facilities because the amenities within the building were not accessible to those with Plaintiff's disability. Finally, Plaintiff alleges that he intends to return to Defendant's property to access the goods and services that it offers to the general public. Plaintiff has thus pleaded all the required elements to state a claim under the ADA. In the absence of any competing argument from Defendant, I find entry of final default judgment against Defendant to be appropriate.

As to injunctive relief, Plaintiff has alleged both a likelihood of future harm and the inadequacy of a remedy at law. Plaintiff alleges that he desires to return to Yamato Office Center to access its goods and services but that he cannot do so unless and until alterations are made to the facility to make is accessible to and usable by individuals with disabilities. Accordingly, Plaintiff is entitled to injunctive relief against Defendant. Defendant must alter its facilities to make such facilities are readily accessible to and usable by individuals with disabilities to the

extent required by Title III of the ADA and as detailed in Plaintiff's Complaint. The Defendant will have six (6) months from the date of this Judgment to make sure its premises are accessible to, and usable by, individuals with disabilities to the full extent required by Title III of the ADA by rectifying the above ADA violations. The Defendant shall move for an extension with this Court if it finds that it will be unable to comply within the required timeframe.

**B. Entitlement to Attorney's Fees**

The Court may, in its discretion, award reasonable attorneys; fees, including litigation expenses, and costs to the prevailing party. 42 U.S.C. § 12205. In a civil rights case, the amount of an award of attorney's fees is calculated by determining the reasonable hourly rate for the legal services involved and multiplying that rate by the number of hours reasonably expended. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The factors to consider are: "(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." *Id.* at 430 n.3.

Because Plaintiff is entitled to injunctive relief requiring Defendant to modify its premises, I find that Plaintiff is entitled to reasonable attorney's fees. Plaintiff has provided the Court with an affidavit detailing the time spent on this case and counsel's hourly rate. In light of the twelve factors listed above, I find the requested attorneys' fees to be reasonable under the ADA. Plaintiff

shall recover from the Defendant $5,437.00, including any interest that accrues from the date of this Judgment until the entire amount is paid.

## IV. CONCLUSION

Upon review of Plaintiff's Motion for Default Judgment (DE 10), the relevant law, and the record as a whole, it is hereby

**ORDERED AND ADJUDGED** that

1. Plaintiff's Motion for Default Judgment (DE 10) is **GRANTED**.
2. Plaintiff's request for injunctive relief is **GRANTED.**
3. The Defendant will have six (6) months from the date of this Judgment to make sure its premises are accessible to, and usable by, individuals with disabilities to the full extent required by Title III of the ADA by rectifying the above-described ADA violations. The Defendant may move for an extension with this Court if it finds that it will be unable to comply within the required timeframe.
4. Plaintiff's request for reasonable attorney fees is **GRANTED.**

**SIGNED** in Chambers at West Palm Beach, Florida, this 6 day of September, 2023.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE